## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| INRE: | ) | |
| | ) | |
| KENNETH M. FOSTER, | ) | CHAPTER 13 |
| | ) | CASE NO. 14-20991 |
| | ) | |
| Debtor | ) | |
| ************************** | ) | |
| KENNETH M. FOSTER, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | ADVERSARY PROCEEDING |
| vs. | ) | No. 16-2033 |
| | ) | |
| DIANE E. BURNS, | ) | |
| | ) | |
| DEFENDANT | ) | |

## JOINT PRETRIAL STATEMENT/PRETRIAL ORDER

The parties to this proceeding submit the following Joint Pretrial Statement ("JPS") and agree that, upon the court's endorsement, its terms shall govern pretrial proceedings.

I.   Pleadings:

(a) The pleadings __X_ are ___ are not complete.

(b) If the pleadings are not yet complete, the following additional pleadings are anticipated: _____
_____.

(c) The parties __X_ agree ___ do not agree that the additional pleadings described in (b) may be filed without motion or order. (Absent agreement, motion and order will be required to the extent required by applicable rules.

II.  Statement of Legal Issues:

2

1. Whether Defendant's Motion to Enforce the state court Divorce Judgment violated the automatic stay.

2. Whether Defendant's Motion to Modify the Divorce Judgment to change the division of marital assets violated the bankruptcy automatic stay and/or Section 105.

3. Whether Defendant's amended state court filings, filing after service of the adversary proceeding, violate the automatic stay and/or Section 105.

4. Whether Defendant's actions were willful or malicious.

5. Whether Ms. Burns at all times attempted to not violate the automatic stay, but instead worked to assert her legal rights to "modify" and/or to obtain redress in state court through actions which constitute actions under one or more of the sub-paragraphs of 11 U.S.C. §362(b)(2), which sub-paragraphs delineate actions which do "not operate as a stay". These include, but are not limited to, 11 U.S.C. §362(b)(2)(A)(ii), 11 U.S.C. §362(b)(2)(A)(iv), and/or 11 U.S.C. §362(b)(2)(B).

III.  Statement of Anticipated Factual Issues:

1. What, if any, damages, including costs and legal fees, Plaintiff has incurred as a result of Defendant's actions.

2. Whether any claim for "damages" should be subject to mitigation by the conduct of the parties.

IV.  Jurisdiction.

__X_  (a)  This is a core matter, in its entirety, on which the bankruptcy court will enter final judgment.

3

___ (b)  This is a non-core matter, in its entirety, and the parties hereby state that the bankruptcy court  ___ has their consent  ___ does not have their consent to enter final judgment.

___ (c)  This adversary proceeding embraces core and non-core matters as follows: _____.

As to those matters that are non-core, the bankruptcy court __X_ has the parties' consent ___ does not have the parties' consent to enter final judgment.

___ (d)  (Understanding that the distinction is of importance only if consent to bankruptcy court's entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows:

_____

The court will rule on the core/non-core character of claims forthwith.  The parties may submit memoranda addressing those issues, if at all, within 14 days of the court's endorsing this document.

V. <u>Jury Trial</u>.

__X_ (a)  Neither party seeks a jury trial.

___ (b)  The plaintiff demands a jury trial.

___ (c)  The defendant demands a jury trial.

___(d)  The parties __X_ agree ___ disagree re: jury entitlement.
Disagreements re: jury entitlement will be addressed at the final pretrial conference and determined immediately thereafter, unless the parties request an initial pretrial conference in accordance with Part VIII below and convince the court that the issue should be resolved earlier.

4

   (e)  If a jury trial is warranted, the parties ___ consent ___ do not consent to jury trial in the bankruptcy court.

VI. <u>Disclosures</u>.

   _X (a)  The plaintiff shall have 14 days from the date of the court's endorsement of this document to make initial disclosures, including disclosure of expert witnesses, if any. The defendant shall have 14 days thereafter to make initial disclosures, including any expert witnesses.  Each party's expert disclosure shall include the data or other information considered by the witness in forming the testimony; any exhibits to be used as a summary of or support for the testimony; the qualifications of the witness; the compensation paid or to be paid to the expert witness; and copies of any reports prepared by the expert.  All reasonably anticipated objections to the testimony and all motions to limit testimony of an expert witness identified by an opposing party as an expert shall be filed with the court and served on the opposing parties within 14 days after the receipt of the expert designation required by this paragraph.

   ___ (b)  The parties agree to a schedule for expert and non-expert disclosures as follows:

_____
_____
_____
_____

VII. <u>Discovery</u>.

(a) Discovery will be completed on or before March 3, 2017.  Discovery shall be initiated sufficiently in advance of the deadline so as to be timely completed by the deadline. (The court will independently review the discovery deadline set by the parties and may shorten or extend it when endorsing this pleading, with or without prior notice.)

(b) Electronic Discovery.

5

(1) Are specific provisions regarding the discovery of electronic information required?

__yes   __X_no   __parties do not agree

(2) If needed, the parties agree to proceed with the discovery of electronic information as follows:

_____

(3) If the parties cannot agree on the need for, or content of, provisions governing the discovery of electronic information, the parties respective positions are as follows:

_____

_____

VIII.   Stipulation.   The parties, through counsel, shall engage in a good faith effort to stipulate to all facts and legal issues as to which there is no actual dispute.  Counsel shall prepare a written stipulation, signed by all counsel, in a form satisfactory to permit the document to be marked as an exhibit and offered in evidence at trial.

6

\_\_\_\_ (a)  All stipulations shall be filed with the Court no later than 21 days after the close of discovery.

\_\_\_\_(b)  All stipulations shall be filed with the court no later than

_____


IX.   Joint Pretrial Memorandum.  The parties shall file a Joint Pretrial Memorandum outlining legal issues pertinent to the case.  To the extent they disagree as to controlling legal authority, the joint pretrial memorandum shall include a statement on each contested legal issue, detailing support for each party's position.  To the extent the parties are not in agreement as to factual issues, the joint pretrial memorandum shall include a statement of each party's pertinent factual contentions and a summary statement of the evidence to be offered in support of each contention. The exhibit list and witness list required below must be incorporated into the Joint Pretrial Memorandum.  The plaintiff is responsible for circulating a draft of the proposed pretrial memorandum to all parties sufficiently in advance of the filing deadline so as to permit other parties adequate time to review and respond to the plaintiff's proposals.  Other parties are responsible for timely providing pertinent information regarding facts, evidence and legal authority for their defenses and claims.  If valuation is at issue, each party shall include its position on value in its recitations regarding contested facts.

\_\_x\_\_ (a)  After circulation and review, the parties shall file the joint pretrial memorandum no later than 28 days after the close of discovery.

\_\_\_\_(b)  After circulation and review, the parties shall file the joint pretrial memorandum no later than:

_____


X.    Exhibits/Witnesses/Experts.

(a) Exhibits.  During preparation of the Joint Pretrial Memorandum, all parties are to pre-mark and exchange copies of the exhibits they reasonably anticipate

offering at trial.  In the absence of objection served and filed within 30 days of service, such exhibits will be received in evidence without further authentication. Pre-marking shall consist of clearly designating each proposed exhibit in the order of its probable presentation at trial.  Plaintiff's proposed exhibits shall be designated by number; defendant's proposed exhibits shall be designated by letter.  Copies of proposed exhibits shall be accompanied by a list of the exhibits with a brief identification of each.  The exhibit list shall be included in the Joint Pretrial Memorandum.

 (b) Witnesses/Experts. In preparing the Joint Pretrial Memorandum, the parties are to exchange the names of all witnesses they intend to present at trial, together with a brief summary of the area of testimony each witness will address. The filing(s) may incorporate previously-made disclosures.  All reasonably anticipated objections to the testimony and all motions to limit testimony of a witness identified by an opposing party shall be filed with the court and served on the opposing parties within 14 days after service of the witness list required by this paragraph.

**NOTE:**  Designation of a non-party witness on an opponent's list of witnesses does not relieve a party of assuring the presence of that witness at trial if his or her testimony is desired.

XI.  Pretrial Motions.  All pretrial motions and motions for summary judgment shall be filed no later than _x__14 ____30 or ____ days after the expiration of the discovery period.

XII.  Compliance.  Failure to comply with the provisions of this order may result in the imposition of sanctions, monetary and non-monetary, including, without limitation, entry of an order denying the admission of exhibits, testimony of witnesses, or other appropriate sanctions where noncompliance has caused undue delay, expense and/or prejudice.

8

XIII. <u>Initial Pretrial Conference</u>.

Unless the parties specifically request an initial pretrial conference or the court, after reviewing the parties' Joint Pretrial Statement considers that an initial pretrial conference would assist the expeditious resolution of the case, an initial pretrial conference will not convene.

___ The parties hereby request that the court schedule an initial pretrial conference.

XIV. <u>Final Pretrial Conference</u>. Within 14 days after the close of discovery, plaintiff's counsel shall schedule and send notice of a final, telephonic pretrial conference. The parties shall be prepared to discuss all matters relating to trial at the final conference.

XV. <u>Alternative Dispute Resolution</u>. Unless one or more of the parties requests it do so sooner, <u>and</u> requests an initial pretrial conference in accordance with Part XIII above, the court will consider alternative dispute resolution with the parties in the course of the final pretrial conference.

__x_ The parties hereby request that the court consult with the parties to consider early employment of alternative dispute resolution processes.

Dated December 20, 2016 by J. Scott Logan, counsel

for the Plaintiff, Kenneth Foster

Dated December 20, 2016 by Peter Hatem, counsel

for the Defendant, Diane Burns

ENDORSED AND ENTERED as an ORDER of the COURT

__/s/ Peter G. Cary_____          ___December 21, 2016_____
U.S. Bankruptcy Judge                                                             Date